UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARTHA B. RANSOM, | ) | Case No. 1:05-CV-01279-RMC |
| | ) | |
| Plaintiff, | ) | ECF |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE JOHANNS, Secretary, | ) | |
| United States Department of | ) | |
| Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Mike Johanns, Secretary of the United States Department of Agriculture, ("defendant," "the agency" or "Agriculture"), in his official capacity, through counsel, hereby answers the Complaint filed by plaintiff Martha B. Ransom, as follows:

1.) Defendant admits that the plaintiff, was formerly employed by the agency in its Agricultural Marketing Service ("AMS") and except as specifically admitted herein denies all of the remaining allegations of paragraph 1 of the Complaint.

2.) Defendant admits that plaintiff formerly served as Chief of the Research and Promotion Branch, Fruit and Vegetable Programs, of the agency's Agricultural Marketing Service ("AMS") as a Grade 14.

3.) Defendant admits that it initiated the process of considering a possible upgrade of the Plaintiff's position from a GS-14 to a GS-15 and that a desk audit was conducted in 2000 and except as specifically admitted denies the allegations of paragraph 3 of the Complaint.

4.) Defendant denies the allegations of paragraph 4 of the Complaint.

5.) Defendant denies the allegations of paragraph 5 of the Complaint.

6.) Defendant denies the allegations of paragraph 6 of the Complaint and specifically denies that the Plaintiff timely initiated her administrative EEO complaint.

7.) Defendant denies the allegations of paragraph 7 of the Complaint.

8.) Defendant denies the allegations of paragraph 8 of the Complaint.

9.) Defendant admits that the Plaintiff was employed by the U.S. Department of Agriculture in its Agricultural Marketing Service until her voluntary retirement effective August 1, 2003. Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in this paragraph and leaves plaintiff to her proofs.

10.) Defendant admits that Michael Johanns is the Secretary of Agriculture and as such is the official who heads the U.S. Department of Agriculture, of which the Agricultural Marketing Service is a subordinate component, and the federal agency which formerly employed plaintiff and except as admitted herein Defendant denies all of the remaining allegations of paragraph 10 of the Complaint.

11.) Defendant admits that venue is proper in Washington, DC. The remaining allegations in this paragraph state conclusions of law to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

12.) Defendant admits that Plaintiff was employed by the agency in Washington, D.C., beginning in August of 1970 and continuing until her voluntary retirement in August, 2003.

13.) Defendant admits that in September of 1991, Plaintiff assumed the position of Chief of the Research and Promotion Branch, Fruit and Vegetable Programs, in the Agricultural Marketing Service ("AMS") and at the time of her voluntary retirement she was at the GS-14 level and except as admitted herein Defendant denies all of the remaining allegations of paragraph 13 of the Complaint.

14.) Defendant admits only that the Plaintiff's duties and responsibilities as Branch Chief are those specified in her position description and except as admitted herein Defendant denies all of the remaining allegations of paragraph 14 of the Complaint.

15.)   Defendant admits that Ms. Ransom is a woman and except as admitted herein Defendant denies all of the remaining allegations of paragraph 15 of the Complaint.

16.)   Defendant admits that a desk audit is a process for considering the appropriate grade level of the duties of its employees and except as admitted herein Defendant denies all of the remaining allegations of paragraph 16 of the Complaint.

17.)   Defendant admits that the desk audit process may contain multiple steps that are performed by Human Resource specialists and except as admitted herein Defendant denies all of the remaining allegations of paragraph 17 of the Complaint.

18.)   Defendant denies all of the allegations of paragraph 18 of the Complaint.

19.)   Defendant denies all of the allegations of paragraph 19 of the Complaint.

20.)   Defendant denies all of the allegations of paragraph 20 of the Complaint.

21.)   Defendant denies all of the allegations of paragraph 21 of the Complaint.

22.)   Defendant admits that in or around September, 2000, it began a desk audit of plaintiff's position description as a means of possibly upgrading her position to a GS-15 but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 22 of the Complaint.

23.)   Defendant admits that in or about October 2000 a staff personnel specialist made certain recommendations, which were to be review by her supervisor.

24.)   Defendant admits that Plaintiff from time to time made inquiries about the status of her desk audit but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 24 of the Complaint.

25.)   The Agency admits only that the Plaintiff's position was finally determined by the APHIS Human Resource Specialists to be properly classified at the GS-14 level and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 25 of the Complaint.

26.)   Defendant admits only that the classification of the Plaintiff's position was being reviewed from time to time during the period identified by the Plaintiff as November of 2000 through April of 2001 but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 26 of the Complaint.

27.)   Defendant denies the allegations of paragraph 27 of the Complaint.

28.)   Defendant admits that Plaintiff from time to time made inquiries about the status of her desk audit but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 28 of the Complaint.

29.)   Defendant denies the allegations of paragraph 29 of the Complaint.

30.)   Defendant admits that in the early part of July, 2002 the Plaintiff was on authorized leave but Defendant has no information or belief as to the medical reason for such leave and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 26 of the Complaint.

31.)   Defendant admits that on or about July 23, 2002 the Plaintiff was again advised by her supervisor that the Human Resource Staffing Specialists had determined that her position was properly classified as a GS-14, but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 31 of the Complaint.

32.)   Defendant denies the allegations of paragraph 32 of the Complaint.

33.)   Defendant admits that the Plaintiff made an EEOC counselor's contact on or about August 14 or 15, 2002 but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 33 of the Complaint.

34.)   Defendant admits that in or around February, 2003, Plaintiff was given a supervisory level assignment with the Agency's Office of Identity Preservation and Biotech and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 34 of the Complaint.

35.)   Defendant admits under information and belief that in or around July, 2003, the Plaintiff voluntarily applied for retirement from federal service.

36.)   The Defendant denies the allegations of paragraph 35 of the Complaint.

37.)   The Defendant admits that there was a memorandum of April 2, 2001 that purports to determine that a human resource staffing specialist determined that the Plaintiff's position was at the GS-15 level but denies that such memorandum was ever received by her supervisors and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 37 of the Complaint and in particular denies that such memorandum

ever correctly classified Plaintiff's position at the GS-15 level based on Plaintiff's true and actual duties and responsibilities.

38.) Defendant denies the allegations of paragraph 38 of the Complaint.

39.) Defendant admits that Plaintiff voluntarily retired from Federal Service on or about August 1, 2003.

40.) The Defendant admits that Plaintiff made her initial EEOC counselor's contact on or about August 14 or 15, 2002, and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 40 of the Complaint.

41.) The Defendant admits that the Plaintiff was given a right to file (a formal EEO complaint) letter dated September 27, 2002, and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 41 of the Complaint.

42.) The Defendant admits that the Plaintiff filed a formal Complaint of Discrimination that was dated October 11, 2002 but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 42 of the Complaint and specifically denies that such complaint was timely.

43.) The Defendant admits that the Department issued a letter dated July 3, 2003, that accepted certain claims for investigation and conducted an investigation of those claims and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 43 of the Complaint.

44.) Defendant denies the allegations of paragraph 44 of the Complaint.

45.) Defendant denies the allegations of paragraph 45 of the Complaint.

46.) Defendant denies the allegations of paragraph 46 of the Complaint.

47.) Defendant denies the allegations of paragraph 47 of the Complaint.

48.) Defendant denies the allegations of paragraph 48 of the Complaint.

49.) Defendant denies the allegations of paragraph 49 of the Complaint.

50.) Defendant denies the allegations of paragraph 50 of the Complaint.

51.) Defendant admits that there are fewer than 45 days between July 23, 2002 and August 15, 2002 but except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 51 of the Complaint.

52.) Defendant denies the allegations of paragraph 52 of the Complaint.

53.) Defendant denies the allegations of paragraph 53 of the Complaint.

54.) Defendant admits the allegations of paragraph 54 of the Complaint.

55.) Defendant admits that Exhibit 24 of the Report of Investigation is a computer generated form identifying the Plaintiff's assignment to the Office of Identity Preservation and Biotech and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 55 of the Complaint.

56.) Defendant admits that the position to which Plaintiff was assigned in the agency's Office of Identity Preservation and Biotech Verification was a newly formed position that, at all times, was intended and believed to be a supervisory position.

57.) Defendant admits that Plaintiff amended her EEOC complaint and except as specifically admitted herein denies the allegations of paragraph 57 of the Complaint.

58.) Defendant admits that the Plaintiff filed a request for a hearing on her Formal Complaint with the Equal Employment Opportunity Commission ("EEOC").

59.) Defendant admits that the Plaintiff's EEOC case was pending on May 13, 2004 and on that date the EEOC counselor sent an email to the Plaintiff regarding an amendment to her complaint and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 59 of the Complaint the Plaintiff.

60.) Defendant admits that the EEOC Administrative Judge issued an order dated October 12, 2004 granting the Plaintiff's Motion to Amend her Complaint and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 60 of the Complaint.

61.) Defendant admits that more than 180 days elapsed between the time Plaintiff filed her request for a hearing and the date she filed this complaint and except as specifically admitted herein Defendant denies all of the remaining allegations of paragraph 61 of the Complaint.

62.) Defendant incorporates all of its responses to paragraphs 1 through 61, inclusive into its response to Count I of the Plaintiff's Complaint.

63.) Defendant admits the Plaintiff is a woman.

64.) Defendant denies the allegations of paragraph 64 of the Complaint.

65.) Defendant denies the allegations of paragraph 65 of the Complaint.

66.) Defendant denies the allegations of paragraph 66 of the Complaint.

67.) Paragraph 67 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

68.) Paragraph 68 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

69.) Paragraph 69 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

70.) Paragraph 70 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

71.) Defendant incorporates all of its responses to paragraphs 1 through 70, inclusive into its response to Count II of the Plaintiff's Complaint.

72.) Paragraph 72 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

73.) Paragraph 73 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

74.) Paragraph 74 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

75.) Defendant denies the allegations of paragraph 75 of the Complaint.

76.) Defendant denies the allegations of paragraph 76 of the Complaint.

77.) Defendant denies the allegations of paragraph 77 of the Complaint.

78.)   Defendant denies the allegations of paragraph 78 of the Complaint.

79.)   Paragraph 79 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

80.)   Paragraph 80 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

81.)   Paragraph 81 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

82.)   Paragraph 82 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

83.)   Defendant incorporates all of its responses to paragraphs 1 through 82, inclusive into its response to Count III of the Plaintiff's Complaint.

84.)   Defendant admits the allegations of paragraph 84 of the Complaint.

85.)   Defendant denies the allegations of paragraph 85 of the Complaint.

86.)   Paragraph 86 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

87.)   Paragraph 87 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

88.)   Paragraph 88 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

89.)   Defendant incorporates all of its responses to paragraphs 1 through 88, inclusive into its response to Count IV of the Plaintiff's Complaint.

90.)    Defendant admits that the Plaintiff's EEOC complaint was protected activity and except as specifically admitted herein denies the allegations of paragraph 90 of the Complaint.

91.)    Defendant denies the allegations in paragraph 91.

92.)    Paragraph 92 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

93.)    Paragraph 93 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

94.)    Paragraph 94 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

AFFIRMATIVE DEFENSES AND PRAYER FOR RELIEF

FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege facts sufficient to state a claim for relief.

SECOND AFFIRMATIVE DEFENSE

With respect to some or all of her claims, the Plaintiff has failed to exhaust her administrarive remedies.

THIRD AFFIRMATIVE DEFENSE

The Plaintiff is not an individual with a physical or mental impairment that substantially limits one or more major life activities; does not have a record of a physical or mental impairment; and has not been regarded by the Agency as having a physical or mental impairment. Accordingly, she is not disabled as that term is defined by the Rehabilitation Act of 1973, as amended (29 U.S.C. §791 et seq).

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff did not identify herself as disabled to her employer, did not request a reasonable accommodation and did not engage in the interactive process. Therefore, the Plaintiff is estopped from claiming she was denied any benefits or rights provided by law, either under the Rehabilitation Act of 1973, as amended, or otherwise.

FIFTH AFFIRMATIVE DEFENSE

A Department of the Federal Government and its Agencies has the inherent right to make personnel assignments that promote the best interests and efficiency of the Agency. The Defendant therefore had the right to assign the Plaintiff to a position with the Office of Identity Preservation and Biotech which did not result in any change to the terms or conditions of her employment. Accordingly, the Plaintiff has failed to state a claim as to her reassignment.

WHEREFORE, the Defendant prays that Plaintiff take nothing by way of her Complaint and Judgment be given to the Defendant thereon and that Plaintiff's Complaint be dismissed and Defendant receives such relief and remedies as may be just and proper.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 305-4851

*Of Counsel*:
Martin A. Gold, Esquire
USDA, Marketing & Regulatory Programs
Human Resources Division
Assessment and Litigation
1400 Independence Avenue, S.W.
Room 1717-South Building, Mail Stop 3446
Washington, DC 20250

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served by electronic mail, on August 29, 2005, on plaintiff's counsel.

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
501 3rd Street, N.W.
Washington, D.C. 20001
(202) 305-4851