UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTHA B. RANSOM,<br>　　　　Plaintiff,<br>　vs.<br><br>MIKE JOHANNS, Secretary,<br><br>United States Department of<br>Agriculture,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1279 (RMC/JMF)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION FOR COMPROMISE SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

**I. Introduction**

1. This Stipulation for Compromise Settlement and Dismissal with Prejudice ("Agreement"), is hereby made by the U.S. Department of Agriculture (USDA), Agricultural Marketing Service, Fruit and Vegetable Programs ("Agency") and Martha Ransom ("Plaintiff").

2. This Agreement constitutes a full, complete and final settlement of all formal and informal complaints, claims, causes of action, grievances and appeals the Plaintiff has or may claim to have, has filed or could file against the Agency arising out of the Plaintiff's employment with the Agency and occurring up to and including the effective date of this agreement.

3. This Agreement specifically includes all complaints of employment discrimination based on Plaintiff's Gender, Age, Disability, Reprisal for prior protected activities and any other basis, known or unknown, which the Plaintiff has alleged or could allege against the Agency. Although this Settlement Agreement and Release of All Claims is specifically made in and pertaining to This United States District Court Action, Case No. 1:05-CV-01279-RMC, it also applies to her previously filed EEOC Complaint, EEOC number 100-2004-00625X, Agency Civil Rights Case Number 030093 and any and all other cases, claims, causes of action,

Settlement Agreement　　　　　　　　　　1
Martha Ransom
　　　　　　　　　　　　　　　　　　　　　　　　Initial _____

grievances, complaints, appeals, and/or employment concerns which the Plaintiff has or may claim to have against the Agency, whether known or unknown, including all of the monetary and non-monetary relief to which she claims to be or could be entitled to, including attorney's fees and costs.

4. The Plaintiff recognizes, acknowledges, represents and agrees that she voluntarily retired from the Agency on August 1, 2003, and has not been employed by and has not sought to be employed by the Agency since that date.

5. This Settlement Agreement is self-executing and the filing of a copy of this Agreement with the United States District Court, the EEOC or any other forum or Court of competent jurisdiction, including the Merit Systems Protection Board, shall be sufficient notice and authority to dismiss any case with prejudice. The Plaintiff represents and warrants that she has not filed and there is not currently pending by her or on her behalf or for her benefit any other Complaint, Case, Action, Cause of Action, Appeal, issue or Grievance in any Court, Agency, Administrative or other Judicial forum except those cases specifically identified in this Agreement and in the event there is any other pending Complaint, Case, Action, Cause of Action, Appeal, issue or Grievance it too shall be dismissed with prejudice pursuant to the self-executing terms of this agreement.

6. This Settlement Agreement and Release of all Claims shall not be construed as an admission of liability or wrongdoing on the part of the Agency and the Agency disputes that any violation or wrongdoing of any kind has ever occurred. The Plaintiff acknowledges and understands that this Agreement neither determines nor implies a finding of discrimination, harassment, retaliation, any violation of any statute or regulation, nor any other wrongdoing by the Agency of any kind or in any manner whatsoever. This Agreement shall not be construed or interpreted to expressly or impliedly admit or concede that any discrimination, retaliation, statutory or regulatory violation or other wrongdoing ever occurred by the United States Department of Agriculture, by the Agricultural Marketing Service,by the Fruit and Vegetable Programs or by any of their branches, programs or divisions, or any of their officers, directors, managers,

Settlement Agreement                 2
Martha Ransom
                                                              Initial

supervisors, administrators, agents, or representatives, whether in their official or individual capacities.

## II. In Consideration for this Agreement the Agency Agrees to:

1. Pay the Plaintiff the total lump sum and amount of Ninety Three thousand Five Hundred dollars ($93,500.00) to be allocated in the following manner in order to facilitate contributions and deductions specifically provided by paragraphs I.2 and I.3 of this agreement and without any further deductions, withholdings or setoffs:

   A. The Agency shall advise the United States Treasury to pay the Plaintiff the sum of Eighty Nine Thousand Dollars $89,000, within thirty (30) days after the date this agreement is approved by the Court (or as soon thereafter as is reasonably possible recognizing the administrative process involved in implementing this Agreement) with such funds disbursed directly to the Client Trust Account of the Plaintiff's counsel.

   B. The United States Treasury shall disburse to the Agency the remaining sum of Four Thousand Five Hundred Dollars ($4,500.00) which shall be held by the Agency for the sole purpose of funding the required employee and agency contributions to the Plaintiff's Civil Service Retirement System (CSRS) account in order to effectuate the increase in Plaintiff's CSRS pension annuity and Plaintiff's Federal Employee Group Life Insurance account as specified in paragraphs I.2 and I.3 of this Agreement. After the United States Office of Personnel Management has determined the amounts necessary to fund the required Employee and Agency contributions to those accounts the Agency shall make such contributions and thereafter promptly pay the balance of the said Four Thousand Five Hundred Dollars ($4,500.00), if any, directly to the Plaintiff.

2. The Agency shall initiate or cause to be initiated within thirty (30) days of the effective date of this agreement an action to promote the Plaintiff from the Grade of GS-14 to the grade of GS-15, step 5, retroactively effective April 8, 2001. It is understood and agreed that such a

promotion shall include one within grade increase (WGI), and subsequent Cost of Living Adjustments (COLA) until Plaintiff's retirement, i.e., the COLA on or about January 1, 2002, the COLA on or about January 1, 2003 and the WGI on or about April 8, 2003. For the purposes of the latter, Plaintiff will be deemed to have achieved the WGI by the pertinent standards. The Agency shall provide a copy of the SF 52 Request for Personnel Action to the Plaintiff, within 60 days.

3. It is understood and agreed that Plaintiff shall be entitled to receive appropriate increases to her CSRS pension annuity based on her "high three" salary as calculated by the Office of Personnel Management as a result of the retroactive promotion specified in this agreement. Such increased annuity payments shall be paid by direct deposit to the Plaintiff. It is specifically understood and agreed that Plaintiff shall not receive or be entitled to receive any separate payment of money from the Agency in addition to the lump sum payments specifically provided by Paragraph II.1 of this Agreement and all claims for payment from the Agency, whether back pay, compensatory damages, or otherwise are included in those lump sum payments and specifically there shall be no separate or additional payment made for attorney's fees and costs of suit.

4. In connection with the Plaintiff's promotion to GS-15, step 5, as provided in paragraph II.2., or as soon as practicable after the above-described promotion action has occurred, the Agency shall fund the Plaintiff's Civil Service Retirement System (CSRS) and accounts pursuant to 5 U.S.C. 8334(a) of any required payments and contributions that would have been paid for the period from and including the first pay period of April 2001, through the date of the Plaintiff's retirement. Upon inquiry from the Plaintiff's counsel the Agency shall promptly advise Plaintiff when such contributions have been made. The amounts so paid by the Agency shall be deducted from the $4,500.00 retained by the Agency. Any funds remaining thereafter shall be paid to Plaintiff via electronic means.

### III. In Consideration for this Agreement the Plaintiff Agrees to:

1. Accept all of the consideration identified and paid by the Agency pursuant to this Agreement in full and final settlement of all claims she has, may claim to have or could have against the

Agency and by signing this Agreement she voluntarily, knowingly and intentionally releases, waives and withdraws with prejudice any and all complaints, grievances, actions, causes of action, appeals, employment concerns, civil actions or any other administrative, legislative and/or judicial actions, against the Agency, its employees and officers in their individual or official capacities for any employment concerns prior to the effective date of this Agreement, including, but not limited to any claims of employment discrimination, in addition to the provisions outlined in paragraph I.5.

2. It is specifically understood and agreed that this release includes, but is not limited to any and all claims under Title VII, The Rehabilitation Act and the Age Discrimination in Employment Act (ADEA), 29 USC 621, et seq. and claims, and the rights and waivers related to the ADEA are more specifically described hereinbelow. The Plaintiff agrees not to initiate or pursue any other complaints, grievances, civil actions, appeals, charges or claims for damages, attorney fees, or other relief against the Agency or its agents, employees or officials in their individual or official capacities that are based on events occurring up to and including the effective date of this Agreement.

3. The Plaintiff understands and agrees that she will not be entitled to the appropriate increased annuity or pension payments for her retroactive promotion until all of the required employee and agency contributions have been paid into her CSRS account and the FEGLI program, and the determination of the amount of those contributions is the sole responsibility of the U.S. Office of Personnel Management.

4. Plaintiff acknowledges and agrees that she is receiving a lump sum payment and there shall be no further payment made for any attorney's fees or costs of suit. Plaintiff shall be solely responsible for the payment of any attorney's fees and costs of suit, which she has incurred, or which she may owe in the future and no claim, petition, request or motion shall be made by the Plaintiff or on her behalf for any attorney's fees, costs of suit, or other expenses.

Settlement Agreement　　　　　　　　5
Martha Ransom

Initial 

IV. **Both Parties Agree to the Following General Terms and Conditions:**

1. IMPLEMENTATION: This Agreement is self-executing, as this document alone will provide full authority to the Agency and any administrative, legislative or judicial body or court to withdraw and/or dismiss this or any other case with prejudice and to implement the terms contained herein.

2. COOPERATION: The parties shall cooperate and communicate with each other through their respective representatives and counsel in good faith to implement and to abide by the terms of this agreement. The Parties through their attorneys and representatives shall have a "status conference" between seventy five (75) and ninety (90) days following the execution date of this agreement in order to meet and confer as to the implementation of the terms of this agreement, if necessary.

3. JURISDICTION: The Court shall retain jurisdiction to enforce the terms of this Agreement.

4. SOLE AGREEMENT: All Complaints are resolved through this Agreement. There are no other agreements between the parties, expressed or implied, oral or written.

5. EFFECTIVE DATE: That this Agreement shall become effective seven (7) days after the date this Agreement is signed or approved by the Court and at that time shall be the final expression of the parties' full, final, and complete Settlement Agreement.

6. NOTICE: Plaintiff shall provide prompt written notice to the U.S. Attorney's office of any perceived non-compliance with this Settlement Agreement and shall allow the Agency a reasonable time of not less than thirty (30) days, to receive and review the written notification and take appropriate action before pursuing further remedies for non-compliance with the parties' Agreement. Any such Notice must include specific information describing why the Plaintiff believes the Agency is not in compliance and what the Plaintiff believes the Agency must do in order to come into compliance.

7. TAXES AND WITHHOLDINGS: The Agency will not withhold any tax, or social security, benefits from any payment made pursuant to this Agreement and the Agency is not responsible or liable for any such withholdings or benefits, or any penalties and interest that may be incurred or assessed in connection therewith. Plaintiff understands and agrees that the Agency will comply with all income reporting laws and/or regulations and will report the payment to the Internal Revenue Service or to a State taxing authority, and Plaintiff understands and agrees that the Agency will release such information.

8. VOLUNTARINESS: The Agency and the Plaintiff acknowledge that this Agreement, and each and all of the terms herein, is entered into knowingly, voluntarily and without coercion or duress, and the terms of the Agreement are fully understood. Both parties acknowledge and represent that they and each of them are advised to and have had the opportunity to consult with legal counsel and have been provided with a reasonable amount of time to consider the terms set forth herein, and their legal effect, before signing it.

9. CONSULTATION: By signing this document in the space provided below, the Plaintiff specifically, knowingly, and intentionally acknowledges that Plaintiff was advised that she has the right to consult with legal counsel and was provided ample opportunity to so consult with an attorney. Plaintiff acknowledges that Plaintiff fully participated in the negotiations leading up to this Agreement and that the resulting Agreement is not the product of coercion, duress, threat, intimidation, or other undue pressure of any kind. Plaintiff has fully considered the terms of this Agreement, understands that this is intended to create a legal, valid and enforceable agreement and voluntarily agrees to the terms and conditions of this Agreement prior to affixing her signature.

10. HEADINGS: That the headings of the paragraphs and sections of this Agreement are not binding and are for reference only and do not limit, expand, or otherwise affect the contents of this Agreement.

11. **AUTHORITY**: That each person who executes this Agreement on behalf of any party to the Agreement represents and warrants that he or he has been duly authorized by such party to execute the Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing. This agreement consists of eight (8) pages, including this signature page.

Respectfully submitted,

_____
ROBERT C. SELDON, DC Bar #245100
Robert Seldon & Associates, P.C.
1319 F Street NW
Suite 305
Washington, DC 20004
Attorneys for Plaintiff

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
MARTHA B. RANSOM
Plaintiff

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 305-4185
Attorneys for Defendant

SO ORDERED:_____

UNITED STATES DISTRICT JUDGE

Date: _                    _____